IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLEN JEFFERY BRANDT,
      Plaintiff,

vs.                                Case No.: 3:16cv242/RV/EMT

JULIE JONES, et al.
      Defendants.
_____ /


# REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint (ECF No. 6). Plaintiff has been granted leave to proceed in forma pauperis (ECF No. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the amended complaint, the court concludes that the facts set forth by Plaintiff fail to state a claim for relief that is actionable on its face.  Dismissal of this action is therefore warranted.

Plaintiff, an inmate at Santa Rosa Correctional Institution at all times relevant to the complaint, names as Defendants medical and other officials within the Florida Department of Corrections.  Plaintiff alleges that he was dispensed the medication "tegretol carbamazepine" for his diagnosed bipolar disorder, but while he was required to sign an informed consent form for the medication, he was not provided the necessary medication guide and was not otherwise adequately informed about the medication and its possible side effects (ECF No. 6 at 6).  Plaintiff claims that this practice violates 21 C.F.R. § 208, which is identified as the Food, Drug and Cosmetics Act ("FDCA"), and violates Florida Statutes, Section 766.103(3)(A)(2), the Florida Medical Consent Law ("FMCL").  Plaintiff also states that the practice violates his Eighth Amendment rights against cruel and unusual punishment and his Fourteenth Amendment "citizenship rights not to be abridged" (ECF No. 6 at 7).  As relief, he seeks monetary damages.

Although Plaintiff attempts to invoke the FDCA as a basis for his cause of action, it has been clearly established that the FDCA provides no private cause of action with which to sue violators.  "The FDCA leaves no doubt that it is the Federal Government rather than private litigants who [is] authorized to file suit for noncompliance with [its] provisions."  Buckman Co. v. Plaintiffs' Legal Committee,

531 U.S. 341, 349 n.4 (2001); *see also* <u>Merrell Dow Pharmaceuticals Inc. v.</u>
<u>Thompson</u>, 478 U.S. 804, 810–13, 106 S. Ct. 3229, 3233–34 (1986); <u>McDaniel v.</u>
<u>Upsher–Smith Pharmaceuticals, Inc.</u>, No. 2:16–cv–02604–JPM–cgc, 2017 WL
657778, at *3 (W.D. Tenn. Jan. 26, 2017); <u>Marvin v. Zydus Pharmaceuticals (USA)</u>
<u>Inc.</u>, No. 15-cv-749-bbc, 2016 WL 1715207, at *3 (W.D. Wis. Apr. 28, 2016). Thus,
while the FDCA does provide guidelines for the distribution of informational
medication guides, *see* 21 C.F.R. § 208.24, it is clear that Plaintiff has no standing to
enforce them.

Next, Plaintiff asserts Defendants violated the FMCL by not providing the
necessary medical information to him. While the FMCL does contain provisions
requiring that informed consent be obtained by medical officials before instituting
medical procedures, *see* Fla. St. § 766.103, this is a state cause of action, recoverable
only under state law. For federal question to exist under Section 1331 of Title 28, a
federal question must be presented or apparent on the face of the complaint. <u>Hill v.</u>
<u>BellSouth Telecomm., Inc.</u>, 364 F.3d 1308, 1314 (11th Cir. 2004) (citing <u>Smith v.</u>
<u>GTE Corp.</u>, 236 F.3d 1292, 1310 (11th Cir. 2001). Because Plaintiff's claim presents
no federal question, only a question of state law, it might be a viable claim in the
Florida courts but not in a federal district court. *See* <u>Wyke v. Polk Cnty. School Bd.,</u>

129 F.3d 560, 566 (11th Cir. 1997); <u>Giannetti Bros. Const. Corp. v. Lee County, Fla.</u>, 585 F. Supp. 1214, 1216–17 (M.D. Fla. 1984).[1]

Next, Plaintiff makes passing reference in the complaint to his Eighth Amendment rights being violated. An Eighth Amendment claim of denial of adequate medical care requires conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "denying the minimal civilized measure of life's necessities." <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11th Cir. 2000) (internal quotations omitted). Prison officials must be found deliberately indifferent to a serious medical need, and they must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.; see also* <u>Adams v. Poag</u>, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

---

[1] While a claim based on state law may be pursued in federal court under the court's supplemental jurisdiction, 28 U.S.C. § 1367, it is nonetheless well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over state claims. *See* <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1352 (11th Cir. 1997). Thus, court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See* <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. <u>Baggett</u>, 117 F.3d at 1353 (citing <u>Palmer v. Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1569 (11th Cir. 1994); <u>Exec. Software N. Am. v. United States Dist. Court</u>, 15 F.3d 1484, 1493 (9th Cir. 1994); <u>New England Co. v. Bank of Gwinnett Cnty.</u>, 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); <u>Fallin v. Mindis Metals, Inc.</u>, 865 F. Supp. 834, 841 (N.D. Ga. 1994)). As should be evident throughout discussion of Plaintiff's claims, none of them are actionable under federal law *ab initio*, and because all of Plaintiff's federal claims are subject to dismissal, his state law claims should also be dismissed. The state court is best equipped to research and rule on matters of state law, and principles of comity provide that it be allowed to do so.

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).  A claim of deliberate indifference requires proof greater than negligence or even gross negligence.  Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010).

In this case, Plaintiff does not allege any lack of medical treatment *per se*; indeed, he acknowledges that medication was provided to him for his medical condition, and he does not allege that treatment was lacking.  His only complaint is that he did not receive adequate information about that treatment.  Additionally, his allegations do not demonstrate deliberate indifference to his medical needs; at most, they show that Defendants were negligent in administering a required policy regarding the dissemination of medical information.  Negligence is insufficient to establish an Eighth Amendment claim.

Case No.:  3:16cv242/RV/EMT

Last, Plaintiff asserts a Fourteenth Amendment claim providing "citizenship rights not to be abridged."  Plaintiff presumably refers to the text of the Fourteenth Amendment, which provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . ."  U.S. Const. Amend. XIV.  Even assuming that Plaintiff could derive a colorable claim of the deprivation of a right under this provision, he provides no detail or explanation whatsoever as to how such a right was violated.  The only state law referenced in the complaint is the one discussed above, wherein Plaintiff was provided, essentially, a right of action, not deprived of one.

Because it is clear from the facts of this case that no actionable claim for federal relief is presented, the case is properly subject to dismissal.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 25th day of May 2017.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.